Shane A. MacIntyre
Emily J. Dardis
BROWN LAW FIRM, P.C.
269 W. Front Street, Suite A
Missoula, MT 59802
Tel (406) 830-3248
Fax (406) 830-3745
smacintyre@brownfirm.com
edardis@brownfirm.com

Dena Economou (*pro hac vice pending*)
Gerald E. Ziebell (*pro hac vice pending*)
KARBAL, COHEN, ECONOMOU,
SILK & DUNNE, LLC
200 S. Wacker Avenue, Suite 2550
Chicago, IL  60606
Tel (312) 431-3700
Fax (312) 431-3670
deconomou@karballaw.com
gziebell@karballaw.com

*Attorneys for Plaintiff*

FILED

8/28/2024

Clerk, U.S. District Court
District of Montana
Billings Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PALLAS REINSURANCE COMPANY LTD, <br><br> Plaintiff, <br><br> v. <br><br> PREFERRED CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP LLC, and GOLDEN STATE CLAIMS ADJUSTERS, LLC, <br><br> Defendants. | Cause No CV-24-123-BLG-TJC <br><br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, Pallas Reinsurance Company Ltd ("Pallas"), by and through its undersigned counsel, hereby submits its Complaint for Declaratory Judgment against Defendants, Preferred Contractors Insurance Company Risk Retention Group LLC ("PCIC"), and Golden State Claims Adjusters, LLC ("Golden State"), and states, avers, and alleges as follows:

## NATURE OF THE CASE

1.      In this action, Pallas seeks to recover damages and obtain declaratory relief arising out of Defendants' failure to abide by their respective contractual obligations with respect to claims that Pallas agreed to reinsure under various loss portfolio transfer agreements covering certain insurance policies issued by PCIC in effect between 2006 and 2018, for claims made or losses occurring on or prior to December 31, 2019.

2.      As to PCIC, Pallas seeks to recover damages for breach of contract arising out PCIC's efforts to bill Pallas for claims that PCIC and/or Golden State mishandled and/or misallocated to incorrect policy periods prior to the inception of the loss portfolio transfer agreements.  Pallas further seeks a declaratory judgment that it has no obligation to reinsure or otherwise pay for claims that were improperly allocated to policy periods covered by the loss portfolio transfer agreements.

3.      As to Golden State, Pallas seeks contractual indemnity and recovery of all damages and fees incurred by Pallas as a result of Golden State's breach of its

contractual obligations to exercise due care and follow best practices in the administration and handling of claims that Pallas covered by the loss portfolio transfer agreements.

## PARTIES

4.      Plaintiff, Pallas Reinsurance Company Ltd ("Pallas") is domiciled in Bermuda with its principal place of business located in Bermuda.  Pallas reinsures legacy liabilities of insurance companies and insurance-related businesses.

5.      Defendant, Preferred Contractors Insurance Company Risk Retention Group LLC ("PCIC") is a limited liability company organized under and pursuant to the laws of the State of Montana with its principal place of business located in the State of Montana.  Upon information and belief, none of the members of PCIC are citizens of a foreign state.  PCIC is in the business of issuing general liability insurance policies to contractors in the construction trade marketplace.

6.      Defendant Golden State Claims Adjusters, LLC ("Golden State") is a California Limited Liability Company with its principal place of business located in the State of California.  Upon information and belief, none of the members of Golden State are citizens of a foreign state.   Golden State is a third-party administrator ("TPA") that administers and handles claims on behalf of insurance companies.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), as this action is between citizens of different states and a citizen of a foreign state and the amount in controversy exceeds $75,000.00.

8.      Venue is proper under 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this district.

9.      This Court has personal jurisdiction over PCIC, which is a Montana limited liability company that is organized and registered in Montana.  This Court also has personal jurisdiction over Golden State in that it contractually agreed that any dispute arising out of its handling of PCIC claims that Pallas agreed to reinsure would be brought in state or federal courts located in Billings, Montana.

## FACTUAL BACKGROUND

### A.  THE PCIC LPT

10.      On January 23, 2020, PCIC and Pacific Re, Inc. ("Pacific Re") entered into a Loss Portfolio Transfer Agreement (the "PCIC LPT"), pursuant to which Pacific Re agreed to assume responsibility for the adjustment, handling and payment of insurance claims covered under certain insurance policies issued by PCIC that were in effect between 2006 and 2018 for claims made or losses occurring on or prior to December 31, 2019 (the "Claims").

11.     The PCIC LPT provides in relevant part that PCIC cedes to Pacific Re "100% of the Ceded Gross Liabilities" paid or payable on the Commencement Date of the PCIC LPT.

12.     The PCIC LPT defines "Ceded Gross Liability(ies)" in relevant part as all losses and expenses for the "Ceded Subject Business."

13.     The Ceded Subject Business is, in turn, defined as all Policies written or issued by PCIC during the period from January 1, 2006 to December 31, 2018 (the "PCIC Policies") "for claims made or losses occurring … on or prior to December 31, 2019" and classified by PCIC as Contractors General Liability business.

14.     Certain liabilities of PCIC's were expressly excluded from the definition of Ceded Gross Liabilities ("Excluded Ceded Liabilities"), including, any liability "to the extent such liability arises or results from gross negligence or willful misconduct of [PCIC] or its respective Affiliates, or its respective agents, predecessors or successors, including any third party administrator acting on behalf of [PCIC] or its Affiliates…"

15.     The PCIC LPT defines Golden State as an Affiliate of PCIC.

16.     Pursuant to Article 15 of the PCIC LPT, PCIC represented and warranted that the records it furnished pertaining to the Ceded Subject Business were

"true, correct and complete" in all material respects and that "no material information relating to the risks reinsured" under the PCIC LPT had been withheld.

## B.    THE RETROCESSION AGREEMENT

17.    Simultaneous with the Commencement Date of the PCIC LPT (January 23, 2020), Pacific Re and Sirius American Insurance Company ("Sirius") entered into a Retrocession Agreement (the "Retrocession Agreement"), whereby Sirius agreed to reinsure 100% of the Ceded Gross Liabilities of the Ceded Subject Business to the extent ceded by PCIC to Pacific Re pursuant to the PCIC LPT.

18.    Pursuant to Article 4 of the Retrocession Agreement, Pacific Re appointed Sirius to provide all administrative, management and other services with respect to the investigation, adjustment, administration, denial, settlement, compromise, payment and other disposition of the Claims.

## C.    THE SIRIUS LPT

19.    On or about October 29, 2021, Pallas and Sirius entered into a Loss Portfolio Reinsurance Transfer Agreement (the "Sirius LPT"), under which, among other things, Sirius ceded to Pallas 100% of the liability for the Ceded Gross Liabilities of the Ceded Subject Business to the extent ceded to Sirius under the Retrocession Agreement, subject to an aggregate limit.

20.    In conjunction with the Sirius LPT, Pallas and Sirius entered into a Services Agreement, under which, among other things, Sirius assigned to Pallas the

right and authority to handle and administer the Claims and to enforce any right of Sirius against any Person or organization for damages or equitable relief for any loss under the Ceded Subject Business.

21.     Based on the provisions of the Sirius LPT, in addition to Sirius' transfer and assignment of the right and authority to handle and administer the Claims to Pallas, Pallas also became subrogated to any rights that Sirius or Pacific Re may have against any Person or organization legally responsible in damages with respect to Ceded Gross Liabilities.

### D.    GOLDEN STATE'S CONTRACTUAL OBLIGATIONS

22.     Golden State was administering and handling the Claims on behalf of PCIC prior to the Commencement Date of the PCIC LPT and Retrocession Agreement.

23.     On the same date that the PCIC LPT and Retrocession Agreement were entered into (January 23, 2020), Sirius and Pacific Re entered into a Claims Administration Agreement (the "CMA") with Golden State which, among other things, obligated Golden State to administer Claims for the Ceded Subject Business.

24.     The CMA includes the following provisions relevant to this dispute:

- Golden State agreed to "investigate, adjust, administer, deny, settle, compromise, pay out of the Claims Account…and otherwise

7

dispose of any claims, requests, demands or notices for payment of claims…"

- Golden State agreed to "initiate procedures for the proper and immediate servicing of each Claim."

- "[Golden State] shall perform the Services in accordance with Applicable Laws, the applicable Policies and elsewhere in this Agreement…"

- Golden State is required to maintain accurate and complete claim files and records.

- Golden State must provide the services "in good faith and with the care, diligence, prudence and skill of a Person experienced in the administration of direct property and casualty insurance business in accordance with this Agreement and the claims management and best practices guidelines attached hereto…and… comply with Applicable Laws in all material respects…"

- Golden State agreed to "indemnify, defend and hold harmless [Pallas and Pacific Re], their respective Affiliates, and their respective directors, officers, employees, agents, successors and permitted assigns…from and against any and all disputes, demands, claims, actions, damages or other liability…arising out of, with

respect to or by reason of (a) any breach of the representations, warranties, covenants or agreements…contained in this Agreement…(b) any negligent act, omission, error, or willful misconduct or fraud, of [Golden State]…"

25.     The CMA further states that the parties to that agreement waive any trial by jury, and that the "losing party in connection with each matter in dispute shall be responsible for paying reasonable attorneys' fees of the prevailing party in respect of such matter in dispute, as determined by the court."

26.     On December 7, 2021, in accordance with the Services Agreement, Sirius and Pallas entered into an Assignment Agreement whereby Sirius transferred and assigned to Pallas all rights, duties and obligations of Sirius under the CMA between Sirius and Golden State.

## E.     GOLDEN STATE'S MISHANDLING OF CLAIMS

27.     Pallas terminated the CMA for cause pursuant to verbal and written notice provided to Golden State on December 1, 2022.

28.     This termination occurred after the discovery of numerous reported deficiencies in Golden State's handling of the Claims.  Those deficiencies include: (1) improperly allocating Claims to incorrect policy periods; (2) failing to timely and/or properly respond to Claims tendered by insureds; and (3) mishandling settlement negotiations and/or the defense of Claims.

9

1.    **Misallocated Claims**

29.    With respect to the first category of deficiencies, Golden State was serving as a TPA with respect to the handling of claims arising under the PCIC Policies prior to the PCIC LPT, the Retrocession Agreement and the CMA.

30.    During the time period it was handling claims for PCIC, and during the time that it was handling the Claims under the CMA, Golden State repeatedly opened claims under the incorrect PCIC policy period ("Misallocated Claims").

31.    Following the various parties' entry into the PCIC LPT and the Sirius LPT, PCIC identified, and has continued to identify, dozens of Misallocated Claims that Golden State opened under the incorrect policy period, maintaining that those Misallocated Claims should have been (but were not) listed as Claims that arose under the PCIC Policies that fall within the Ceded Subject Business that Pallas is obligated to reinsure.

32.    Pallas was first made aware of the Misallocated Claims after entering into the Sirius LPT, and therefore, Pallas was prevented from considering the financial impact of the Misallocated Claims in the pricing negotiated for the Sirius LPT.

33.    PCIC has demanded payment from Pallas of amounts paid or payable with respect to the Misallocated Claims.

34.     Subject to a full reservation of rights as to PCIC, Pallas paid amounts with respect to certain of the Misallocated Claims solely to mitigate potential exposure and protect the interests of the insureds thereunder.

### 2.     <u>**Inadequate Or Untimely Coverage Letters**</u>

35.     As to the second category of mishandled Claims, Golden State issued coverage position letters that inadequately identified all coverage issues, were untimely, or failed to issue a coverage position letter at all with respect to certain Claims.

36.     In many instances, because of Golden State's actions, Pallas has been estopped from relying on certain coverage defenses or was required to undertake the defense of the case despite the availability of coverage defenses (including with respect to the "duty to defend").

### 3.     <u>**Miscellaneous Mishandling Of Claims**</u>

37.     The third category of mishandled Claims includes a variety of instances in which Golden State mishandled the defense of an insured or settlement negotiations.  By way of example, Golden Stated provided a defense to a non-insured entity in one matter.

38.     In each of these scenarios, Pallas has been exposed to costs, fees and/or liability for which it would not have been responsible but for Golden State's mishandling of the Claims.

39.     Since the termination of the CMA, Pallas has also learned of instances in which Golden State recorded payments made to various vendors that were not, in fact, paid, leaving many vendors without proper payment for their services and exposing Pallas to potential claims from those vendors.

40.     As indicated by the foregoing, Golden State has engaged in repeated material breaches of the CMA, resulting in direct damages to Pallas as well as exposure to claims that may be asserted by third parties.

## COUNT I
## DECLARATORY JUDGMENT

41.     Pallas incorporates the allegations set forth in the foregoing Paragraphs 1 through 40 as if set forth fully herein.

42.     In accordance with and pursuant to the terms of the Sirius LPT and the Services Agreement, Pallas is entitled to enforce any right of Sirius against any Person or organization for damages or equitable relief for any loss under the Ceded Subject Business.

43.     The PCIC LPT expressly excludes from the definition of Ceded Gross Liabilities any liability that "arises or results from gross negligence or willful misconduct of [PCIC] or its respective Affiliates, or its respective agents, predecessors or successors, including any third party administrator acting on behalf of [PCIC] or its Affiliates…"

44.    Golden State is an "Affiliate" of PCIC within the meaning of the PCIC LPT.

45.    Acting on behalf of and as an Affiliate of PCIC, Golden State's mishandling of PCIC's claims as outlined in Paragraphs 27 through 40 above constitutes grossly negligent and/or willful misconduct.

46.    Any liabilities that arise or result from Golden State's gross negligence and/or willful misconduct in mishandling of claims are excluded from and do not qualify as Ceded Gross Liabilities within the meaning of the PCIC LPT, and therefore, Pallas has no obligation to reinsure or otherwise pay for any such liabilities.

47.    As a direct and proximate result of Golden State's gross negligence and/or willful misconduct, Pallas has incurred and will continue to incur substantial costs and damages.

48.    PCIC has demanded payment from Pallas of amounts paid or payable with respect to the Misallocated Claims.

49.    An actual and justiciable controversy exists between Pallas and PCIC as to whether certain claims are excluded from and do not qualify as Ceded Gross Liabilities.

WHEREFORE, Pallas Reinsurance Company LTD, respectfully requests for judgment in its favor and declares as follows:

(a)   Pursuant to the terms of the Sirius LPT and the Services Agreement, Pallas is entitled to enforce any right of Sirius against any Person or organization for damages or equitable relief for any loss under the Ceded Subject Business;

(b)   Any liabilities arising or resulting from Golden State's gross negligence and/or willful misconduct in handling of Claims on behalf of or as an Affiliate of PCIC are excluded from and do not qualify as Ceded Gross Liabilities within the meaning of the PCIC LPT;

(c)   Pallas has no obligation under the PCIC LPT to reinsure or otherwise pay for any liabilities arising or resulting from the gross negligence and/or willful misconduct of Golden State in mishandling of claims while acting on behalf of or as an Affiliate of PCIC;

(d)   PCIC is obligated to reimburse Pallas for payments made or damages incurred by Pallas for liabilities that arose or resulted from the gross negligence and/or willful misconduct of Golden State in mishandling of claims while acting on behalf of or as an Affiliate of PCIC; and

(e)   Awarding Pallas such other and further relief as the Court may deem appropriate and just.

14

## COUNT II
## BREACH OF REPRESENTATION AND WARRANTY
## (PCIC)

50.     Pallas incorporates the allegations set forth in the foregoing
Paragraphs 1 through 49 as if set forth fully herein.

51.     In accordance with and pursuant to the terms of the Sirius LPT and
the Services Agreement, Pallas is entitled to enforce any right of Sirius against any
Person or organization for damages or equitable relief for any loss under the Ceded
Subject Business.

52.     Pursuant to the PCIC LPT, PCIC represented and warranted that the
records that it provided to Pacific Re and/or Sirius pertaining to the Ceded Subject
Business were true, correct and complete in all material respects.

53.     PCIC breached its representations and warranties under the PCIC
LPT in that records PCIC provided to Sirius and/or Pacific Re were not true, correct
and complete in all material respects in that they did not reveal or disclose those
Claims that Golden State mishandled, including, without limitation, the existence of
the Misallocated Claims.

54.     Because the records PCIC provided were not true, correct and
complete as to the Misallocated Claims, Pallas was unaware that PCIC would later
seek to reallocate those Misallocated Claims to the PCIC Policies falling within the

15

definition of Ceded Subject Business under the PCIC LPT, thereby seeking to obtain reinsurance from Pallas for such reallocated Claims.

55.     As a direct and proximate result of PCIC's breach of its representations and warranties, Pallas has incurred and will continue to incur substantial costs and damages.

WHEREFORE, Pallas Reinsurance Company LTD, respectfully requests entry of judgment in its favor as follows:

(a)    Pursuant to the terms of the Sirius LPT and the Services Agreement, Pallas is entitled to enforce any right of Sirius against any Person or organization for damages or equitable relief for any loss under the Ceded Subject Business;

(b)    PCIC materially breached its representations and warranties obligations under the PCIC LPT in that the records provided to Sirius and Pacific Re were not true, correct and complete;

(c)    Pallas is entitled to recover all compensatory and consequential damages sustained by Pallas as a result of PCIC's breach of its representations and warranties under the PCIC LPT; and

(d)    Awarding Pallas such other and further relief as the Court may deem appropriate and just.

16

## COUNT III
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING
## (PCIC)

56.     Pallas incorporates the allegations set forth in the foregoing Paragraphs 1 through 55 as if set forth fully herein.

57.     In accordance with and pursuant to the terms of the Sirius LPT and the Services Agreement, Pallas is entitled to enforce any right of Sirius against any Person or organization for damages or equitable relief for any loss under the Ceded Subject Business.

58.     The implied covenant of good faith and fair dealing inherent in every contract is implicated where circumstances arise that were unforeseen by the parties at the time of contracting such that each party is expected to act in good faith so as not to deprive the other party of its right and benefits under the contract.

59.     The reasonable expectations of the parties to the PCIC LPT at the time of contract formation was that all Claims had been properly allocated to the PCIC Policies that fall within the definition of Ceded Subject Business under the PCIC LPT.

60.     If the parties had considered the possibility that certain Claims had been misallocated to incorrect policy periods, and that the Misallocated Claims would later need to be reallocated to the PCIC Policies falling within the definition of Ceded Subject Business, the parties would have agreed that Sirius, and Pallas as

17

successor to Sirius, would be entitled to compensation or consideration in return for reinsuring such reallocated Claims.

61.     Pallas breached the covenant of good faith and fair dealing by unilaterally reallocating the Misallocated Claims and treating them as Ceded Gross Liabilities without providing any additional compensation or other consideration to Pallas.

62.     As a direct and proximate result of PCIC's breach of the implied covenant of good faith and fair dealing, Pallas has been damaged by being deprived of the benefit of the bargain under the PCIC LPT.

WHEREFORE, Pallas Reinsurance Company LTD, respectfully requests entry of judgment in its favor as follows:

(a)     Pursuant to the terms of the Sirius LPT and the Services Agreement, Pallas is entitled to enforce any right of Sirius against any Person or organization for damages or equitable relief for any loss under the Ceded Subject Business;

(b)     PCIC breached the covenant of good faith and fair dealing by unilaterally treating the Misallocated Claims as Ceded Gross Liabilities within the meaning of PCIC LPT;

(c)    Pallas is entitled to recover all compensatory and consequential damages sustained by Pallas as a result of PCIC's breaches of the covenant of good faith and fair dealing; and

(d)    Awarding Pallas such other and further relief as the Court may deem appropriate.

## COUNT IV
## BREACH OF CONTRACT
## (GOLDEN STATE)

63.    Pallas incorporates the allegations set forth in the foregoing Paragraphs 1 through 62 as if set forth fully herein.

64.    Golden State entered into the CMA with Pallas and Pacific Re on January 23, 2020, in which it agreed to provide claims handling services in connection with the Claims.

65.    Pursuant to the Assignment Agreement, effective October 29, 2021, Sirius assigned to Pallas all rights, interests and obligations under the CMA.

66.    Pursuant to the CMA, Golden State agreed, among other things, to handle the Claims in good faith, to institute procedures for the proper and immediate servicing of each Claim, and to maintain accurate and complete Claim files;

67.    Golden State violated its obligations under the CMA by misallocating PCIC claims to the incorrect PCIC policy periods.

68.    Golden State has further violated the CMA by issuing inadequate and/or untimely coverage position letters, resulting in waiver and estoppel issues on Claims that Pallas has accepted the risk under the terms of the Sirius LPT.

69.    Golden State has further violated the CMA by mishandling the defense and settlement of various claims to the detriment of Pallas.

70.    As a result, Pallas has been exposed to costs and/or liabilities that it would not have had an obligation to pay, but for Golden State's mishandling of the Claims.

71.    As a direct and proximate result of Golden State's breach of its obligations under the CMA, Pallas has incurred and will continue to incur substantial costs and damages, including, but not limited to, costs, fees and amounts spent defending and/or resolving Claims.

WHEREFORE, Pallas Reinsurance Company LTD, respectfully requests entry of judgment in its favor as follows:

(a)    Golden State has breached its obligations under the CMA by mishandling Claims on behalf of Pallas;

(b)    Pallas is entitled to recover all compensatory and consequential damages as a result of Golden State's breach of the CMA;

(c)    Pallas is entitled to attorney fees and other costs incurred by Pallas as required by the CMA; and

(d)    Awarding Pallas such other and further relief as the Court may deem appropriate.

## COUNT V
## CONTRACTUAL INDEMNITY
## (GOLDEN STATE)

72.    Pallas incorporates the allegations set forth in the foregoing Paragraphs 1 through 71 as if set forth fully herein.

73.    Pursuant to the CMA, Golden State agreed to indemnify, defend and hold harmless Sirius for any and all disputes, demands, claims, actions, damages or other liabilities arising out of any negligent acts or omissions or willful misconduct on behalf of Golden State in the handling of the Claims.

74.    Pursuant to the Assignment Agreement, effective October 29, 2021, Sirius assigned to Pallas all rights, interests and obligations under the CMA, including the rights and indemnity obligations owed by Golden State.

75.    Pallas has incurred damages and other liabilities arising out of Golden State's repeated negligent acts, omissions and/or willful misconduct in connection with the mishandling of the Claims, including, but not limited to, claims and disputes with PCIC over the Misallocated Claims.

21

76.     Pallas is entitled to indemnification for any such damages and/or claims in accordance with the express language of the CMA.

WHEREFORE, Pallas Reinsurance Company LTD, respectfully requests entry of judgment in its favor as follows:

(a)    Pursuant to the Assignment Agreement, Pallas has succeeded to the rights and obligations of Sirius under the CMA, including the indemnity obligations owed by Golden State;

(b)    Pallas has incurred damages and other liabilities arising out of Golden State's repeated negligent acts, omissions and/or willful misconduct in connection with the mishandling of Claims;

(c)    Golden State is obligated to fully indemnify, defend and hold harmless Pallas for any claims, disputes, damages or other liabilities incurred by Pallas as a result of Golden State's conduct in mishandling Claims; and

(d)    Awarding Pallas such other and further relief as the Court may deem appropriate and just.

DATED this 28th day of August, 2024.

BROWN LAW FIRM, P.C.

By:    /s/ Shane A. MacIntyre
        Shane A. MacIntyre
        Emily J. Dardis
        *Attorneys for Plaintiff*

KARBAL, COHEN, ECONOMOU,
SILK & DUNNE, LLC

By:    /s/ Dena Economou
       Dena Economou
       Gerald Ziebell
       *Attorneys for Plaintiff*